WILBUR, SECRETARY OF THE INTERIOR, *v.*
UNITED STATES ex rel. CHESTATEE PYRITES
& CHEMICAL CORP.

No. 335.   Argued December 6, 1932.—Decided January 16, 1933.

*Assistant Attorney General Richardson*, with whom
*Solicitor General Thacher*, and *Messrs. W. Marvin Smith,*
*E. C. Finney*, and *O. H. Graves* were on the brief, for
petitioner.

*Mr. Edgar Watkins*, with whom *Messrs. Marion Smith,*
*Mac Asbill*, and *Edgar Watkins, Jr.*, were on the brief, for
respondent.

98

Mr. Justice McReynolds delivered the opinion of the Court.

The Act of February 13, 1929, c. 182, 45 Stat. 1166, provides—

" *Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That any claimant who has heretofore filed with the Secretary of the Interior within the time and manner provided by existing law a claim under said Acts generally known as the War Minerals Acts (Fortieth Statutes, page 1272, and its amendments) may within one year from the date of the passage and approval hereof petition the Supreme Court of the District of Columbia to review the final decision of the Secretary of the Interior upon any question of law which has arisen or which may hereafter arise in the adjustment, liquidation, and payment of his claim under said Acts, but the decision of the Secretary of the Interior on all questions of fact shall be conclusive and not subject to review by any court."

Proceeding under the quoted provision, respondent corporation presented a petition to the Supreme Court—February 18, 1929—which alleged that, while endeavoring to develop supplies of pyrites, it suffered allowable losses through expenditures for salaries of executive officers, for taxes, for legal services, also by depreciation of property taken over upon request of the Department, and that the Secretary had erroneously decided as matter of law that it was not entitled to reimbursement therefor. The prayer asked review and determination of points of law upon which the Secretary's decision turned and a writ of mandamus directing him to take jurisdiction and allow whatever he might ascertain upon the facts to be just and equitable.

March 15, 1929, the Secretary made a commendably frank response to the rule to show cause. He admitted

disallowance of the specified items "as shown by copies of the various decisions of the Secretary of the Interior and recommendations of the War Minerals Relief Commissioners marked, respectively, Exhibits A, B, C, D and E, attached to the response," which "are hereby referred to and made a part hereof." And he further said "Under the act of February 13, 1929, Public No. 728, 70th Congress, this court is vested with jurisdiction to review such questions of law as may have been decided in the disposition of petitioner's said claim by the Secretary of the Interior, and respondent makes no objection to, but on the other hand invites, a review of such questions. The petition for review presents the sole question for which petitioner prays a review herein, and it is assumed that the court will confine its review to the single question raised." On the same day a demurrer to the response was interposed.

September 24, 1929, by permission of the court, the Secretary withdrew the original response and presented a substituted answer. The order permitting this appears in the margin.*

---

* "In accordance with the stipulation of counsel for the respective parties in this case, dated September 2, 1929, and duly filed herein, it is this 24th day of September, 1929, adjudged and ordered:

"1. That the respondent be and he hereby is permitted to withdraw from the record the response to the relator's petition for mandamus heretofore filed by him.

"2. That the respondent be and he hereby is permitted to file and serve an answer in lieu of said response, and that the relator's demurrer to said response which is now on file, be permitted to stand and be considered a demurrer to such answer.

"3. That the uncertified copies of the findings of the Secretary of the Interior, of the War Minerals Relief Commission and of the Assistant Commissioner of War Minerals, which are attached to the substituted answer to be filed by the respondent in case at law No. 76361, entitled United States of America *ex rel.* Chestatee Pyrites and Chemical Corporation *v.* Ray Lyman Wilbur, Secretary of the

The writings designated "Exhibits A, B, C, D and E," by the original response, were attached to the substituted answer. They show Departmental action relative to the matter in controversy, June 5, 1919, August 8, 1919, October 15, 1919, September 22, 1922, and September 28, 1922. Nothing affirmatively points to other important action.

Exhibit "D"—"Memorandum" by Assistant Commissioner Briar—recommends rejection of all the contested items and states the reasons therefor. Secretary Fall—Exhibit E (September 28, 1922)—accepted this recommendation and made the suggested award.

The item based on purchase price of equipment and machinery was rejected because "to allow for its purchase would be in fact to allow for the purchase of property." The Secretary's decision rested upon an erroneous conclusion as to a point of law which arose in the adjustment of respondent's claim. His view of the law thus announced, and long held by the Department, met disapproval in *Wilbur* v. *Vindicator Consolidated G. M. Co.*, 284 U. S. 231. The respondent was and is entitled to an adjustment of this and other items as the Secretary "shall determine to be just and equitable" under the law as here construed.

Payments for salaries to the officers, who were also respondent's sole stockholders, were disallowed upon the view that, as matter of law, recovery on account of them would amount to forbidden profits to owners. Whether the sole stockholders of a corporation, acting as officers and managers, should be allowed anything by way of salary or compensation depends on the peculiar facts of each case. There is no positive legal inhibition; it is not matter of law.

---

Interior, may be considered in this case by the court with the same effect as though they were original papers.

"4. That this case remain in statu quo upon the docket of this court until further order of the court."

The Briar report does not state why the item for legal services was disallowed—whether because of some undisclosed fact's or upon some theory of the law. The latter appears the more probable. Certainly, it cannot be said that any rule of law inhibited payment necessary or proper for legal services.

Here petitioner presents no objection to the ruling below concerning taxes.

Counsel for respondent correctly states the issue presented to the trial court: "Are the losses suffered for expenditures for the items involved here within the provisions of the Act of October 5, 1918, as amended and supplemented by the Act of March 2, 1919?" And, "with the issue as stated, the only showing required is that a claim for such losses was made and that such claim was disallowed because of the belief of the petitioner that the law did not permit such allowance."

The record discloses that the Secretary's action was based upon improper construction and application of the law. The matter must go back for final adjustment upon consideration of the facts.

We have not overlooked the argument submitted for petitioner that the five Exhibits above referred to were not parts of the substituted and amended answers. Nor the assertions in these answers that the items in question were rejected upon consideration of the facts. The Exhibits show what was really done and the reasons therefor. Conflicting general statements in the answers must yield. And it seems proper to add that if these answers had been more carefully prepared, with purpose to disclose to the court all relevant facts and circumstances, unnecessary difficulties would have been avoided.

The final judgment of the Supreme Court recites that the cause came on to be heard "upon petition as amended and answer thereto as amended together with Exhibits A, B, C, D, and E to said answer, and the demurrer"

etc. The Exhibits were correctly treated as parts of the amended answer. But a requirement that the parties recast the pleadings would have been proper and helpful.

The petition here for certiorari does not mention the conflicting view in respect of the Exhibits or deal with them as parts of the record. It failed adequately to advise us concerning the real situation. But to avoid possible misunderstanding, it has seemed best to retain jurisdiction rather than to dismiss the writ because improvidently granted.

The judgment of the Supreme Court affirmed by the Court of Appeals authorized a writ of mandamus directing that the Secretary of the Interior should treat the disputed items in the respondent's claim as permissible as matter of law and to proceed with their final adjustment upon consideration of all the facts. We approve this action and affirm the judgment.

*Affirmed.*